

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

March 27, 1948

Hon. L. A. Woods
State Superintendent
of Public Instruction
Department of Education
Austin, Texas

Attention: Hon. T. M. Trimble

Opinion No. V-527

Re: Inclusion of scholas-
tics previously enum-
erated on Census of
another District on
the teacher-pupil
load for equalization
aid of the District
to which these scho-
lastics have been
transferred.

Dear Sir:

We refer to your opinion request of recent
date which reads, in part, as follows:

"The Somerset Independent School Dis-
trict of Bexar County, in applying for
equalization aid, included as those stu-
dents who are eligible to count on the
teacher-pupil load children who are now
living in the Somerset District, but were
enumerated in another district. The chil-
dren have been transferred prior to Aug-
ust 1, 1947, by proper application to the
county superintendent's office from the
district in which they were enumerated to
the district in which they now reside and
attend school.

"Article I, Section 1 of the Equaliza-
tion Aid Law provides, in part that 'State
aid under the provisions of this Act shall
be distributed in such a way as to assist
all school districts which have not fewer
than twenty (20) nor more than fifteen
hundred (1500) original enumerated scho-
lastics within the grades classified to
be taught remaining in the district after
transfers out, above the grades taught in
the home district; . . . '

"Article III, Section 1 of this Law provides, in part, that 'State aid under provisions of this Act shall be allotted upon the basis of one teacher for any number of scholastics of each race from twenty (20) to thirty-five (35) and one (1) additional teacher for each additional thirty (30) scholastics, or fractional part thereof, residing in the district. . ."

"The students mentioned above are residents of the district in which they are attending school. They are not above the grades taught in the home district, as they are attending school in the home district, and they comply with Article III, Section 1, which provides for the education of children residing in the district."

Question: Since the students were not originally enumerated in their home district in which they are now attending school, may such students be counted on the teacher-pupil load and the district be granted aid therefor.

Under the facts submitted, we understand that the pupils in question were enumerated under Article 2816, V. C. S., on the scholastic census of districts other than the Somerset District for the scholastic year 1947-48. That after said census taken in March, 1947, but prior to August 1, 1947, the scholastics in question moved into and became residents of the Somerset District and said pupils entered school in the Somerset District for the scholastic year 1947-48. Their State and County per capita apportionment funds (Arts. 2665, as amended, 2692, 2685, 2823, and 2830, V.C.S.) were transferred to the receiving district, Somerset, under the general law governing the transfer of pupils, Art. 2696, V. C. S., which also provides that "no transfer shall be made after August 1."

Article 2901, V. C. S., provides:

"Every child in this State of scholastic age shall be permitted to attend the public free school of the district or independent district in which it resides

at the time it applies for admission,
<u>notwithstanding that it may have been
enumerated elsewhere,</u> or may have at-
tended school elsewhere part of the
year." (Emphasis ours)

See also Articles 2902, and 2922L(1), Sec. 1, first par-
agraph, V. C. S.

Thus, it is clear that under Article 2901,
V. C. S., an elementary or high school scholastic whose
grades are taught in the district wherein he resides
shall be permitted to attend school in the district
wherein he resides, and that the transfer of his per-
capita apportionment is accomplished in accordance with
the provisions of Article 2696, provided the transfer is
not made after August 1.

Further, this Department has previously ad-
vised in Opinion No. O-5634 that children transferred
out of a district prior to August 1, under Article 2696,
V. C. S., are no longer on the scholastic enrollment of
their home district, but are on the enrollment of the
receiving district.

We now consider those parts of the Equaliza-
tion Law cited in your letter.

Section 1, of Article I, of H. B. 295, Acts
1947, sets out the eligibility requirements which must
be met by a district seeking State aid and showing need
therefor under State law. On the other hand, Section 1,
of Article III, of H. B. 295, concerns itself with the
teacher-pupil load or quota requirement which an eligi-
ble district must consider in the preparation of its
State aid budget submitted with its application showing
need for State aid. With regard to Section 1, of Arti-
cle I, we think that the term "original enumerated scho-
lastics" as used therein refers to and means that offi-
cial scholastic census of the applying district accom-
plished under Articles 2816 or 2816a, V. C. S., and tak-
en in the last preceding month of March of the school
year. All laws in pari materia must be construed to-
gether. Thus, if after an applying district accounts
for the transfers out of the district of those scholas-
tics residents of the district whose grades are not
taught in the district, the total original enumerated
scholastics, as herein defined, remaining in the dis-
trict is not "fewer than twenty (20) nor more than fif-

teen hundred (1500)", the district is eligible for State aid under H. B. 295, other provisions of the Act having been met.

However, the teacher-pupil load or quota of an eligible district provided for in Section 1, of Article III of said Act, is based not on the original enumerated scholastics as provided in the eligibility provisions of Section 1, of Article I, but rather on the method of calculation set out in Section 1, of Art. III; and insofar as the Somerset District is concerned under the facts submitted, Section 1, of Article III, as hereinabove quoted specifically provides that the teacher-pupil load of the eligible districts shall be allotted upon the basis of one teacher for any number of scholastics from twenty to thirty-five and one additional teacher for each additional thirty scholastics, or fractional part thereof, residing in the district.

Therefore, it is our opinion that those scholastics in question who were transferred to the Somerset District under Article 2696, V. C. S., prior to August 2, 1948, who were reported as transfers in the district's application for State-aid for the scholastic year, 1947-48, and who were entitled to attend Somerset schools under Article 2901, V. C. S., may be counted on the teacher-pupil load of said district in accordance with the provisions of Sec. 1, of Article III, H. B. 295, 50th Legislature, notwithstanding said scholastics were enumerated in districts other than the Somerset Independent School District. Accordingly, the Somerset District may be granted salary aid therefor.

## SUMMARY

Based on the facts submitted, those scholastics who were transferred to the Somerset District under Article 2696, V. C. S., who were reported as transfers in the district's application for State aid for the scholastic year 1947-48, and who were entitled to attend Somerset schools under Article 2901, V. C. S., may be counted on the teacher-pupil load of said district in accordance with provisions of Section 1, of Article III, H. B. 295, 50th Legislature, notwithstanding said scholastics were enumerated in districts other

than the Somerset District.  Accordingly, the Somerset Independent School District may be granted salary aid therefor.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL